**[Cite as *State v. Barnes*, 2020-Ohio-6795.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  8-20-33

    v.

FRANK V. JOHNATHAN BARNES,        O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  8-20-34

    v.

FRANK V. JOHNATHAN BARNES,        O P I N I O N

    DEFENDANT-APPELLANT.

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR 18 05 0143 and CR 17 08 0274**

**Judgments Affirmed**

**Date of Decision:   December 21, 2020**

**APPEARANCES:**

    *Frank V. Johnathan Barnes,* **Appellant**

    *Alice Robinson-Bond* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Frank Barnes ("Barnes") brings this appeal from judgments of the Courts of Common Pleas of Logan County denying his motion for jail time credit. Barnes claims this was an error. For the reasons set forth below, the judgments are affirmed.

{¶2} On December 3, 2018, a sentencing hearing was held on three separate convictions. Tr. Trial court case number CR 17-02-0036 ("36") was a conviction for tampering with evidence in which Barnes had been placed on community control for a term of five years with a 24 month prison term suspended. Tr. 3. Trial court case number CR 17-08-0274 ("74") was a conviction for possession of heroin in which Barnes had been placed on community control with a reserved prison term of 12 months to be served consecutive to the time in 36. Tr. 3-4. While on community control, Barnes was again arrested and charged for several felonies in trial court case number 18-05-0143 ("143"). Tr. 4. A jury found Barnes guilty of multiple felonies. Tr. 4. In 143, the trial court ordered Barnes to serve an aggregate prison term of 90 months. Tr. 26-30. The trial court noted that in 143, Barnes was released on his own recognizance, but was held due to the probation violations. Tr. 33. As a result, there was no jail time credit in 143. Tr. 33.

{¶3} In 36, the trial court reserved a prison term of 24 month. Tr. 34. The trial court gave Barnes credit for 255 days and imposed the remaining 513 days. Tr.

34. This sentence was ordered to be served consecutive to the prison term in 143. Tr. 34. The trial court chose to terminate the community control in 74, and did not impose the 12 month reserved sentence. Tr. 34. These sentences were journalized in the respective cases. Barnes appealed the judgment in 143, but did not raise an issue regarding sentencing. On July 1, 2019, this Court affirmed the judgment of the trial court. *State v. Barnes*, 3d Dist. Logan No. 8-18-67, 2019-Ohio-2634.

{¶4} On December 11, 2019, Barnes filed a motion for additional jail time credit in 74 and143. 74Doc. 75 and 143Doc. 141. The motion was not filed in 36. On January 27, 2020, the motion was denied. 74Doc. 77 and 143Doc. 145. Barnes appeals from these denials and raises the following assignment of error.

> **The trial court abused its discretion and erred when it denied [Barnes'] motion for jail time credit.**

{¶5} The sole assignment of error alleges that the trial court erred in calculating the amount of jail time credit. This court notes initially that in 74, assigned appellate number 8-20-33, the trial court did not impose a prison term, instead opting to terminate the community control sanction imposed. Thus there was no prison term to which jail term credit could be applied.

{¶6} In 143, assigned appellate number 8-20-34, the trial court imposed a prison term of 90 months. A review of the record shows that in 143, Barnes was released on his own recognizance. 143Doc. 11. The time he remained in jail awaiting trial was due to his being held for a community control violation in 36.

The trial court made this finding at the sentencing hearing. Tr. 33. All of the jail time credit was applied to the sentence in 36, but that case is not before us. Additionally, Barnes is claiming that he is owed credit in 143 for jail time that occurred before the offense in 143. That time cannot logically be credited against the sentence imposed in 143 because there is no way he could have been held for an offense that had yet to be committed at the time he was jailed. Based upon the record before this Court, there is no error in the application of jail time credit. The assignment of error is thus overruled.

{¶7} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Court of Common Pleas of Logan County are affirmed.

*Judgments Affirmed*

**SHAW P.J. and ZIMMERMAN J., concur.**